

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Mrs. Eloween Mesch, R. N.
Secretary-Treasurer
Board of Nurse Examiners
1035 Milam Building
San Antonio, Texas

Dear Mrs. Mesch:

Opinion No. 0-6308
Re: Authority of Board of
Nurse Examiners to regis-
ter nurses who are aliens
and nurses who, though
citizens, received train-
ing in a foreign country.

You recently asked for this Department's interpre-
tation of Article 4521, Vernon's Annotated Civil Statutes, a
part of the governing act of the Board of Nurse Examiners, which
reads as follows:

"Any applicant of good character who holds
a registration certificate as a professional nurse
from another State whose requirements are equal to
those of Texas, and whose individual qualifications
shall be equivalent to those required in this law,
may be granted a license to practice nursing in
this State without examination, provided a fee of
fifteen dollars is paid to the board by such appli-
cant."

You wish to know whether the Board is authorized by
the above statute to issue a registration certificate to an alien;
also whether the Board may issue a certificate to a citizen re-
ceiving training in a foreign country.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mrs. Eloween Mesch, Page 2


We fail to find any requirement of citizenship as a qualification for becoming a registered nurse under Texas law. We therefore hold that an alien may be registered if the other statutory requisites are complied with. It is our further opinion that the language "another State" as used in the above quoted statute, refers to and means, "another State of the United States". It is therefore our view that neither an alien or a citizen may be issued a registration certificate under Article 4521 unless he or she holds a registration certificate from another State of the United States.

In reaching this conclusion we are not unmindful of the numerous meanings which have been ascribed to the word "state". See Texas v. White, 7 Wall. 700, 19 L. Ed. 227. However, the majority rule seems to be that in the absence of something in the statute itself indicating a contrary intent or unless a broader meaning is required to give effect to the provision, a state statute using this term will be held to include only a member of the Union. This strict or narrow definition is well established in United States constitutional and statutory law. See 59 C. J. 15; Houston East & West Texas Ry. Co. v. Inman, Akers & Inman, 134 S. W. 275. Our interpretation of the language, "from another State" as it appears in Article 4521 is further strengthened by reference to the original Act from which the codifiers of our Revised Statutes of 1925 took the provision. Sec. 10, Ch. 183, p. 413, Acts 1923, 38th Leg. used the phrase "from another state or territory" and the codifiers dropped "or territory" therefrom. "State or territory" is a phrase that has been frequently used in the reciprocal provisions of state licensing statutes and the word "territory" also has a well established meaning in United States constitutional and statutory law. Ex parte Morgan, 20 F. 298. It seems clear to us that in the absence of anything in the statute which would indicate a contrary intent, the Legislature used the word "State" in its limited constitutional sense as referring to another state of the American Union.

We hope our views in this matter will assist the Board in dealing with these problems.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Eugene Alvis*
Eugene Alvis
Assistant

EA:fb